# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ROMARIO V. WALLER,
ADC #108263                                                                                        PLAINTIFF

v.                                            5:11-cv-00201-JTK

LISA ROBINSON, et al.                                                                       DEFENDANTS

## ORDER

Defendants filed a Motion for Summary Judgment, together with a Brief in Support and Statement of Undisputed Facts on June 22, 2012 (Doc. Nos. 77-79).  Plaintiff has not responded to the Motion.

At the summary judgment stage, a plaintiff cannot rest upon mere allegations and instead, must meet proof with proof.  See FED. R. CIV. P. 56(e).  This means that Plaintiff's Response must include his legal arguments, as well as affidavits,[1] prison records, or other evidence establishing that there is a genuine issue of material fact that must be resolved at a hearing or trial.

Furthermore, pursuant to Local Rule 56.1, Plaintiff must *also separately* file a Statement of Disputed Facts, which lists:  (a) any disagreement he has with the specifically numbered factual assertions contained in Defendants' Statements of Undisputed Facts (Doc. Nos. 23, 26); and (b) any other disputed facts that he believes must be resolved at a hearing or trial.[2]

---

[1] The affidavit must be based upon the personal knowledge of the person executing the affidavit *and must be either*: (1) sworn and subscribed to by a notary public; or (2) executed under penalty of perjury, as provided for by 28 U.S.C. § 1746.

[2] If Plaintiff disputes any of the facts set forth in Defendant's Statement of Undisputed Facts, he *must identify* each numbered paragraph that contains the facts he disputes *and,* for each paragraph, explain *why* he disputes those facts.

-1-

Finally, Plaintiff is advised that if he intends to rely upon grievances or records that have been previously filed with the Court, he must specifically refer to those documents by docket number, page, date, and heading. The Court will not sift through the file to find support for Plaintiff's factual contentions. See Crossley v. Georgia-Pacific, Corp., 355 F.3d 1112, 1113-14 (8th Cir. 2004) (affirming the grant of summary judgment because a plaintiff failed to properly refer to specific pages of the record that supported his position).

IT IS THEREFORE ORDERED THAT:

1. Plaintiff must file, **within fifteen days of the entry of the Order**, Responses to Defendants' Motion for Summary Judgment and separate Statement of Disputed Facts that comply with the FED. R. CIV. P. 56, Local Rule 56.1, and the instructions set forth in this Order.

2. Plaintiff is advised that the failure to timely and properly comply with this Order will result in: (a) all of the facts set forth in Defendant's summary judgment papers being deemed admitted by Plaintiff, pursuant to Local Rule 56.1(c); or (b) the dismissal of this action, without prejudice, pursuant to Local Rule 5.5(c)(2).

IT IS SO ORDERED this 10th day of July, 2012.

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE